**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HAROLD KESSEE,
        *Petitioner-Appellee,*

v.

KATHY MENDOZA-POWERS, Warden,
        *Respondent-Appellant.*

No. 07-56153

D.C. No.
CV-06-03740-PSG
(MLG)

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted
May 4, 2009—Pasadena, California

Filed June 23, 2009
Amended July 22, 2009

Before: John T. Noonan, Diarmuid F. O'Scannlain, and
Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

**COUNSEL**

Rama R. Maline, Deputy Attorney General of the State of California, Los Angeles, California, for the respondent-appellant.

Johanna S. Schiavoni, Latham & Watkins LLP, San Diego, California, for the petitioner-appellee.

**ORDER**

The mandate issued July 15, 2009, is recalled.

The opinion filed on June 23, 2009, is amended as follows:

On slip opinion page 7525, replace "A number of courts have disagreed with the interpretation that we gave in *Butler* concerning the probationary status issue." with "As we recognized in *Butler*, a number of courts had reached a different conclusion concerning the probationary status issue."

This amendment does not extend the time for filing a petition for rehearing or petition for rehearing en banc and that time has lapsed. The mandate shall reissue forthwith.

**OPINION**

GRABER, Circuit Judge:

What is the scope of the "prior conviction" exception to the general rule that a sentencing judge may not make factual findings that increase the statutory maximum criminal penalty? The Supreme Court has not yet answered that question. Accordingly, the answer depends on what level of scrutiny we apply to the sentencing decision. When we review de novo,

we make an independent determination of the scope of the prior conviction exception, using our normal interpretative methods. When our review is constrained by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), though, we cannot grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). Thus, under AEDPA, even if this court has reached a particular conclusion about the scope of the prior conviction exception, our view may not be the only reasonable one; if the state court's interpretation is also reasonable, we must deny habeas relief.

Petitioner Harold Kessee was convicted of several crimes in California state court. The sentencing judge made factual findings that increased the statutory maximum penalty under California's determinate sentencing law. *See generally Cunningham v. California*, 549 U.S. 270 (2007) (discussing California's determinate sentencing law). On direct appeal, the California appellate court affirmed the sentence, holding that the sentencing judge's finding that Petitioner had committed crimes while on probation fell within the "prior conviction" exception.[1] After exhausting his state-court remedies, Petitioner filed a petition for writ of habeas corpus in federal district court. The district court granted a conditional writ, and the state timely appeals.

**[1]** The Supreme Court has held that " 'any fact (other than prior conviction) that increases the maximum penalty for a

---

[1]The California appellate court held that the sentencing judge's finding that Petitioner's convictions were "increasingly serious" also fell within the prior conviction exception. We need not and do not reach the state court's holding concerning the sentencing judge's "increasingly serious" finding. *See Butler v. Curry*, 528 F.3d 624, 641 (9th Cir.) ("[U]nder California law, only one aggravating factor is necessary to authorize an upper term sentence. So the probation factor alone would suffice to render the sentence constitutional were it found applicable in a manner consistent with the Sixth Amendment."), *cert. denied*, 129 S. Ct. 767 (2008).

crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.' " *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) (quoting *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)); *see also Blakely v. Washington*, 542 U.S. 296, 303 (2004) ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*"); *United States v. Booker*, 543 U.S. 220, 221 (2005) (holding that the Federal Sentencing Guidelines violated the Sixth Amendment because, "as in *Blakely*, 'the jury's verdict alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact.' " (quoting *Blakely*, 542 U.S. at 305)). The Supreme Court announced the prior conviction exception in *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), and discussed its scope to some extent in fractured opinions in *Shepard v. United States*, 544 U.S. 13 (2005). But the task of determining the precise contours of that exception has been left to the federal appellate courts.[2]

**[2]** Consistently, we have provided a narrow interpretation of the "prior conviction" exception. *See Butler*, 528 F.3d at 644 ("[W]e have been hesitant to broaden the scope of the prior conviction exception . . . ."); *Kortgaard*, 425 F.3d 602,

---

[2]*See United States v. Allen*, 446 F.3d 522, 531 (4th Cir. 2006) ("Subsequent to *Booker*, in *Shepard v. United States*, the Court wrestled with, but did not fully delineate, the scope of the prior conviction exception."); *United States v. Fagans*, 406 F.3d 138, 141 (2d Cir. 2005) ("[T]he exact scope of the phrase 'fact of a prior' conviction has yet to be determined . . . ."); *see also Butler*, 528 F.3d at 644 ("We are left, then, with the task of determining the outer bounds of the 'prior conviction' exception . . . ."); *United States v. Kortgaard*, 425 F.3d 602, 610 (9th Cir. 2005) (noting that the Supreme Court has not had "the occasion to redefine or expand [the] scope" of the prior conviction exception); *United States v. Tighe*, 266 F.3d 1187, 1193 (9th Cir. 2001) (holding that no Supreme Court case "squarely tackles the question" whether certain facts "fall within the 'prior conviction' exception to *Apprendi*'s general rule" and that "we must inquire into the scope of the term 'conviction' as used by the Supreme Court").

610 (declining to "extend or broadly construe" the prior conviction exception); *Tighe*, 266 F.3d at 1194 (holding that the prior conviction exception "should remain a 'narrow exception' to *Apprendi*" (quoting *Apprendi*, 530 U.S. at 490)). Other courts have disagreed and have construed the prior conviction exception more broadly. See, e.g., *Butler*, 528 F.3d at 647 n.15 ("Some of our sister circuits have also taken a broader view of the *Almendarez-Torres* exception, permitting judicial factfinding as to facts that we have held do not come within the *Almendarez-Torres* exception."); *Boyd v. Newland*, 467 F.3d 1139, 1152 (9th Cir. 2006) (noting that some state courts and at least three sister circuits disagree with our narrow interpretation of the exception in *Tighe*). When we review de novo,[3] our own interpretation controls, of course. *See generally Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc). For purposes of AEDPA review, however, a state court's determination that is consistent with many sister circuits' interpretations of Supreme Court precedent, even if inconsistent with our own view, is unlikely to be "contrary to, or involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).

For example, in *Tighe*, 266 F.3d at 1194-95, we held on de novo review that "the 'prior conviction' exception does not include nonjury juvenile adjudications." Some years later, in *Boyd*, 467 F.3d at 1151-52, we addressed a habeas claim, under AEDPA standards, concerning a state court decision that increased the statutory maximum sentence because of a nonjury juvenile adjudication. We acknowledged our own interpretation in *Tighe*, but we also observed that the Califor-

---

[3]We review de novo on direct appeal, *Tighe*, 266 F.3d at 1190, in cases pre-dating the effective date of AEDPA, *Gratzer v. Mahoney*, 397 F.3d 686, 690 (9th Cir. 2005), and in cases in which the state court's decision otherwise violated AEDPA, and we must decide independently whether a constitutional violation occurred, *Frantz v. Hazey*, 533 F.3d 724, 737 (9th Cir. 2008) (en banc).

nia courts and the Third, Eighth, and Eleventh Circuits all expressly disagreed with our interpretation. *Id.* We concluded:

> Although we are not suggesting that *Tighe* was incorrectly decided, as some of these varying interpretations of *Apprendi* suggest, the opinion does not represent clearly established federal law "as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In general, Ninth Circuit precedent remains persuasive authority in determining what is clearly established federal law. *See Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir.1999) (stating that Ninth Circuit case law may be used to help determine clearly established federal law). But, in the face of authority that is directly contrary to *Tighe*, and in the absence of explicit direction from the Supreme Court, we cannot hold that the California courts' use of Petitioner's juvenile adjudication as a sentencing enhancement was contrary to, or involved an unreasonable application of, Supreme Court precedent.

*Boyd*, 467 F.3d at 1152.

**[3]** For the reasons that follow, we hold that the same reasoning applies to our holding in *Butler*, 528 F.3d at 647, that "the fact of being on probation at the time of a crime does not come within the 'prior conviction' exception." We therefore hold that, although a defendant's probationary status does not fall within the "prior conviction" exception, a state court's interpretation to the contrary does not contravene AEDPA standards.

We reached our conclusion in *Butler*, reviewing de novo, primarily by examining our own case law on the scope of the "prior conviction" exception. *Butler*, 528 F.3d at 644-47. We acknowledged that our holding conflicted with the holdings of "several of our sister circuits." *Id.* at 647. But we were unper-

suaded because the opposing rule could not "be squared with this circuit's case law." *Id.* As we recognized in *Butler*, a number of courts had reached a different conclusion concerning the probationary status issue.[4] Some of our sister circuits, while not addressing the issue of probationary status precisely, generally have read the prior conviction exception more broadly than *Butler* did.[5]

---

[4]*See United States v. Corchado*, 427 F.3d 815, 820 (10th Cir. 2005) ("[T]he 'prior conviction' exception extends to 'subsidiary findings' such as whether a defendant was under court supervision when he or she committed a subsequent crime."); *United States v. Williams*, 410 F.3d 397, 402 (7th Cir. 2005) ("[T]he district court does not violate a defendant's Sixth Amendment right to a jury trial by making findings as to his criminal record [including that the defendant was on probation when he committed a previous crime, *see Williams,* 410 F.3d at 399] that expose him to greater criminal penalties."); *State v. Jones*, 149 P.3d 636, 640-41 (Wash. 2006) ("In our judgment, the prior conviction exception encompasses a determination of the defendant's probation status because probation is a direct derivative of the defendant's prior criminal conviction or convictions and the determination involves nothing more than a review of the defendant's status as a repeat offender."); *State v. Fagan*, 905 A.2d 1101, 1121 (Conn. 2006) ("[W]e conclude that the defendant's status as to whether he lawfully had been on release at the time of the offense for which he was convicted . . . was a question that also did not require a jury determination."); *Ryle v. State*, 842 N.E.2d 320, 323-25 (Ind. 2005) (holding that whether the defendant "was on probation when he committed the present offense, a fact reflected in the presentence investigation report," was not a fact that "needs to be proven before a jury"); *State v. Allen*, 706 N.W.2d 40, 48 (Minn. 2005) ("We believe that the fact a defendant is on probation at the time of the current offense arises from, and is so essentially analogous to, the fact of a prior conviction, that constitutional considerations do not require it to be determined by a jury.").

[5]*See Fagan*, 406 F.3d at 142 ("[T]he conviction itself and the type and length of a sentence imposed seem logically to fall within this [prior conviction] exception."); *United States v. Kempis-Bonola*, 287 F.3d 699, 703 (8th Cir. 2002) ("[I]t is entirely appropriate for judges to have the task of finding not only the mere fact of previous convictions but other related issues as well." (internal quotation marks omitted)); *United States v. Santiago*, 268 F.3d 151, 156 (2d Cir. 2001 ("Judges frequently must make factual determinations for sentencing, so it is hardly anomalous to require that they also determine the 'who, what, when, and where' of a prior conviction."); *see also Boyd*, 467 F.3d at 1152 (collecting cases that disagree with our holding in *Tighe* that nonjury juvenile adjudications do not fall within the prior conviction exception).

**[4]** What we said in *Boyd* about *Tighe*'s holding applies with equal force here, to *Butler*'s holding. Although we do not suggest that *Butler* was decided incorrectly, *Butler* does not represent clearly established federal law "as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because the Supreme Court has not given explicit direction and because the state court's interpretation is consistent with many other courts' interpretations, we cannot hold that the state court's interpretation was contrary to, or involved an unreasonable application of, Supreme Court precedent.

REVERSED and REMANDED with instructions to deny the writ of habeas corpus.