**James Wilson CALLOWAY, Petitioner,**

v.

**Ronald M. WHITE, Warden, Respondent.**

**No. C–02–05882–RMW.**

United States District Court, N.D. California.

Aug. 20, 2009.

Mark Harold Shenfield, Guerneville, CA, for Petitioner.

Ann P. Wathen, Bill Lockyer, Peggy S. Ruffra, Robert R. Anderson, CA State Attorney Generals Office, Gerald August Engler, Senior Assistant Attorney General, San Francisco, CA, for Respondent.

## ORDER DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT AND GRANTING RESPONDENT'S REQUEST THAT PETITION BE DENIED

[Docket Nos. 22, 37.]

RONALD M. WHYTE, District Judge.

Petitioner James W. Calloway moves for summary judgment on his first amended petition for a writ of habeas corpus.[1] Respondent opposes and argues that the petition should be denied based on petitioner's inability to demonstrate in his motion for summary judgment or in his petition that the state appellate court's rulings regarding his constitutional claims were contrary to, or an unreasonable application of, United States Supreme Court precedent. The court hereby denies petitioner's motion for summary judgment and further finds that the first amended petition does not set forth a basis for finding that the state appellate court's rulings regarding petitioner's constitutional claims were contrary to, or an unreasonable application of, United States Supreme Court precedent. Therefore, petitioner's claims for relief are denied.

On February 26, 2001 petitioner, a sex offender, was found guilty of willfully failing to inform a law enforcement agency of his new address within five days of moving in violation of Penal Code section 290(f)(1). Petitioner was also found to have suffered two prior "strike" convictions. The first strike offense was a 1978 rape conviction under California Penal Code § 261.3, which is a per se strike offense under California's Three Strikes Law. The second strike offense was a 1993 assault conviction under Penal Code § 245(a)(1). Unlike the rape offense, a felonious assault is not a per se strike offense, but rather is a strike if the defendant personally inflicted great bodily injury. *People v. Rodriguez,* 17 Cal.4th 253, 261, 70 Cal.Rptr.2d 334, 949 P.2d 31 (1998). In a bifurcated proceeding the court determined that Calloway did inflict great bodily injury in the commission of the 1993 assault based on the victim's preliminary hearing testimony. "[I]n response to being asked what kind of injuries she suffered, [the assault victim] testified 'my whole side of my right side was numb, my jaw was messed, very, it was very big ..., swollen. [The defendant] broke my upper dentures in half, he fractured the bone around my eyes.'" *People v. Calloway,* A094221, California Court of Appeal, First Appellate District, Division Five (September 16, 2002, 2002 WL 31053941), p. 4. Petitioner received a sentence of 25 years to life in prison sen-

---

1. Petitioner who is represented by counsel recently filed a lengthy "expansion of record ... motion to correct unlawful sentence ...." He did not seek leave to amend his petition nor does he appear to be asserting a claim not covered by the amended petition and motion for summary judgment filed by his counsel. Accordingly, the court does not separately address this filing.

tence as a result of the subject 2001 conviction.

Petitioner makes four arguments in support of his petition for a writ of habeas corpus: (1) the trial court's use of a 1993 preliminary hearing transcript to prove that he personally inflicted great bodily injury in the commission of the assault which was the basis of one of his strike convictions deprived him of his right to confrontation; (2) the trial court's finding that the 1993 assault conviction was a strike because he personally inflicted great bodily injury in its commission deprived him of his right to have a disputed factual issue submitted to a jury and proved beyond a reasonable doubt; (3) his life sentence for a regulatory offense conviction constitutes cruel and unusual punishment; and (4) the State breached a 1993 plea agreement by claiming that petitioner inflicted great bodily injury in the assault that resulted in one of his strike convictions.

## I. Use of 1993 Preliminary Hearing Transcript to Prove Personal Infliction of Great Bodily Injury

In 1993 in Sonoma County petitioner suffered his felonious assault conviction under California Penal Code section 245(a)(1). Petitioner challenges the trial judge's use of the 1993 felonious assault conviction as a strike offense to enhance his sentence in the subject 2001 case because the judge found that petitioner personally inflicted great bodily injury during the assault based upon the preliminary hearing testimony of the victim in the 1993 case without an individualized showing that the victim was currently unavailable to testify. This, petitioner alleges, violated his right to confront the witnesses against him and his Sixth and Fourteenth Amendment rights to have a jury determine beyond a reasonable doubt whether he personally inflicted great bodily injury.

## A. Petitioner Was Not Deprived of His Right to Confront the Witnesses Against Him

Petitioner's Sixth Amendment confrontation clause claim is governed by the rule set forth in *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). Although the Supreme Court modified the holding of *Roberts* in *Crawford v. Washington*, 541 U.S. 36, 60, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), it has also held that *Crawford* is not to be applied retroactively. *Whorton v. Bockting*, 549 U.S. 406, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007). Under *Roberts*, the Court held that a hearsay statement made by a declarant who is "unavailable" to testify can be admitted at trial without violating the confrontation clause, as long as the statement has a sufficient indicia of reliability, either because the statement falls within a firmly rooted hearsay exception or because there are "particularized guarantees of trustworthiness" related to the statement in question. *Roberts*, 448 U.S. at 66, 100 S.Ct. 2531.

■ Under California law, a prosecutor is precluded from presenting evidence outside the record of conviction to prove the underlying circumstances of a prior offense. *People v. Reed*, 13 Cal.4th 217, 226, 52 Cal.Rptr.2d 106, 914 P.2d 184 (1996). Thus, a witness who previously testified at a preliminary hearing, is "legally unavailable" to the prosecution for purposes of the trial on a prior conviction. However, Cal. Evid.Code section 1291(a) permits the admission of prior testimony where the witness is unavailable and the defendant has had an opportunity to cross-examine the witness. Here, as part of the proceedings that resulted in the felonious assault conviction, petitioner had the opportunity to cross-examine the victim at the preliminary hearing concerning whether petitioner inflicted great bodily injury.

■ Petitioner relies on *Gill v. Ayers,* 342 F.3d 911 (9th Cir.2003) for support of his claim that he was denied the right to confront the victim witness. In *Gill,* the court held that denying a defendant in a recidivism case the opportunity to testify about a prior offense was a violation of Due Process. *Gill,* however, does not deal with the question of whether legal unavailability of a witness deprives a defendant of his right of confrontation or whether the right to cross-examine at a preliminary hearing at a prior trial is sufficient to allow testimony from that preliminary hearing to be admitted at a subsequent trial to prove that the prior conviction should be considered a strike in the subsequent case. In the instant case, Calloway neither attempted to testify about the 1993 assault himself nor call the victim to testify. Therefore, *Gill* does not apply to the present case and the court need not decide whether Calloway's Constitutional rights would have been violated had he attempted to call the victim as a witness or proposed to testify himself and been refused the opportunity. *See Esparza v. Lockyer,* 2001 WL 1528384 (N.D.Cal.2001) (the defendant did not seek to have the witnesses produced or to cross-examine them anew, he only objected on hearsay grounds to admission of their prior testimony).

### B. Petitioner Had No Federal Constitutional Right to a Jury Trial on His Prior Conviction

Petitioner contends that the state appellate court erroneously concluded that it was not a violation of his due process right to a jury trial and proof beyond a reasonable doubt on all factual issues to allow the trial court, rather than a jury, to make a critical factual finding that rendered his prior conviction a strike. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In the instant case, the court of appeal held that whether petitioner personally inflicted great bodily

injury was a "recidivism issue" and was not related to the elements of the current charges. Petitioner was afforded all necessary procedural safeguards, including notice of the charges and the opportunity to cross-examine the witnesses against him, at the preliminary hearing during the 1993 proceeding resulting in his felonious assault conviction.

■ In *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) the Supreme Court held that the fact of a prior conviction is merely a sentencing factor which can be considered upon a subsequent conviction as opposed to an element of the subsequent charged offense. The question here is whether the facts surrounding a prior conviction fall within the scope of the *Almendarez–Torres* exception. In *People v. McGee,* 38 Cal.4th 682, 687, 42 Cal.Rptr.3d 899, 133 P.3d 1054 (2006), the California Supreme Court specifically held that a court may make a determination as to whether a prior conviction qualifies as a strike conviction without disobeying the rules set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Similarly, in *United States v. Santiago,* 268 F.3d 151 (2d Cir.2001), Judge Sotomayor wrote in a unanimous decision:

> In short, we read *Apprendi* as leaving to the judge, consistent with due process, the task of finding not only the mere fact of previous convictions but other related issues as well. Judges frequently must make factual determinations for sentencing, so it is hardly anomalous to require that they also determine the "who, what, when, and where" of a prior conviction. Whether this exception to the rule announced in *Apprendi* extends to all issues related to recidivism, we need not decide at this time . . . .

*Id.* at 156–7. However, the Ninth Circuit has stated that the exception should be construed narrowly and has set guidelines that are more restrictive than those in some other circuits. *See Butler v. Curry,* 528 F.3d 624, 643–48 (9th Cir.2008). Nevertheless, even if *Butler* suggests that the *Almendarez–Torres* exception should not extend to a determination of whether a defendant's prior assault conviction involved the personal infliction of great bodily injury, there is no Supreme Court precedent clearly establishing such a rule. In other words, the making of such a determination does not represent an action contrary to clearly established federal law as determined by the Supreme Court of the United States. *See Kessee v. Mendoza–Powers,* 574 F.3d 675 (C.A.9 (Cal.)). In light of the status of Supreme Court precedent, the court does not find that the decision of the California appellate court was contrary to, or an unreasonable application of, United States Supreme Court precedent.

## II. Petitioner's Life Sentence Does Not Constitute Cruel and Unusual Punishment under the 8th Amendment

Petitioner contends that his sentence of 25 years to life constitutes cruel and unusual punishment in violation of the Eighth Amendment because it is grossly disproportionate to his conviction for failure to register a change of address. Petitioner had a significant record at the time he was sentenced for his registration violation. That record included: (1) a 1978 forcible rape conviction aggravated because a dangerous weapon was used; (2) a 1982 hit-and-run misdemeanor conviction; (3) a 1987 felony assault conviction in which petitioner used an object to hit the victim on the forehead; and (4) a 1993 felony assault conviction with a prison prior. Petitioner relies in large part on *People v. Carmony,*

127 Cal.App.4th 1066, 26 Cal.Rptr.3d 365 (2005) to support his position. In *Carmony,* the court held that a 25 years to life sentence for a failure to register conviction violated the Eighth Amendment. *Id.* at 1084, 26 Cal.Rptr.3d 365. However, the facts in *Carmony* are distinguishable and do not reflect as serious a concern as those in petitioner's case. Carmony merely failed to update his sex offender registration within five days of his birthday. *Id.* at 1071, 26 Cal.Rptr.3d 365. He had registered at his correct address for months prior to his birthday and his parole agent was aware that his registration information had not changed since his last register. *Id.* at 1072, 1077–78, 1088, 26 Cal. Rptr.3d 365. In contrast, petitioner's failure to register his change of address meant that law enforcement did not have petitioner's current address and therefore could not easily locate him. The purpose of the sex offender registration law is to require that the offender identify his present address to law enforcement authorities so that he or she can be readily available for police surveillance. *Id.* at 1072, 26 Cal.Rptr.3d 365; *People v. Meeks,* 123 Cal. App.4th 695, 709, 20 Cal.Rptr.3d 445 (2004).

 Petitioner also points to the recent case of *Gonzalez v. Duncan,* 551 F.3d 875 (2008) which reached a similar result as *Carmony.* However, the court in *Gonzalez* specifically distinguished the seriousness of a mere failure to up-date a registration within five days of one's birthday and a failure to register a change of address:

> 290(a)(1)(A)'s [2] mandate that sex offenders register any change of address relates directly to the state interest in ensuring that it knows the whereabouts of its sex offenders. As noted by the California Supreme Court, "[e]nsuring

---

**2.** § 290(a)(1)(A) is the new code section which is the same as the former § 290(f)(1).

offenders are readily available for police surveillance depends on timely change-of-address notification." [*Wright v. Superior Court,* 15 Cal.4th 521, 63 Cal. Rptr.2d 322, 936 P.2d 101, 105] (internal quotations marks and citations omitted). A jury, however, acquitted Gonzalez of the charge he violated this requirement. Accordingly we adopt the jury's implicit determination that Gonzalez was living at his registered address throughout the relevant time period in this case.

By contrast, § 290(a)(1)(D)'s annual registration requirement, which Gonzalez was convicted of violating, is only tangentially related to the state's interest in ensuring that sex offenders are available for police surveillance. Annual registration is merely a "backup measure to ensure that authorities have current accurate information." *People v. Carmony,* 127 Cal.App.4th 1066, 26 Cal.Rptr.3d 365 [citations omitted] (2005). Failure to comply with the annual registration requirement is "the most technical violation of the section 290 registration requirement," and "by itself, pose[s] no danger to society." *People v. Cluff,* 87 Cal.App.4th 991, 105 Cal.Rptr.2d 80 [citations omitted] (2001).

551 F.3d at 884. In the instant case, law enforcement did not have Calloway's address for several months because he failed to register his change of address. In *Chavez v. Kernan,* 2005 WL 1514059 (N.D.Cal. 2005), a case similar to the current one, the court also pointed out the importance of the distinction between a mere failure to update an address and the failure to register a change and specifically distinguished *Carmony:*

> A 25–to–life sentence under the Three Strikes Law for a failure-to-register conviction was held to violate the Eighth Amendment in *People v. Carmony,* 127 Cal.App.4th 1066, 1084, 26 Cal.Rptr.3d 365 (2005), but that case is distinguishable on the facts. Carmony was prose-

cuted for failing to update his registration within five days of his birthday. The court viewed Carmony's failure to update as a technical violation because his parole agent was aware that his registration information had not changed since he registered a month earlier and Chavez was arrested at the address at which he had registered. By contrast, Chavez had failed to register a change of address so the registration on file would not have enabled authorities to find him. The court did not consider a failure to register a change of address to be the same kind of technical violation as Carmony had committed. It cannot be said that requiring Chavez to register upon a change of address "served no stated or rational purpose of the registration law and posed no danger or harm to anyone." Chavez's failure to register his change of address defeated the core purpose of the registration requirement— enabling police to keep track of sex offenders. *Carmony* thus does not aid Chavez's cause.

> When viewed in light of his criminal history and current felony offense, Chavez's is not that "'rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.'"

*Id.* at \*10 (internal citations omitted). Although the court finds petitioner's sentence harsh, it does not find that it violates the Eighth Amendment.

### III. There Was No Breach of Petitioner's 1993 Plea Agreement

■■■ Petitioner contends that the use of his 1983 prior felony assault conviction as a strike breached his plea agreement, thereby depriving him of his due process rights under the Fourteenth Amendment. The United States Supreme Court has held that if a plea agreement rests in any significant degree on a prosecutor's prom-

ise so that it can be said to be part of the defendant's inducement or consideration, then such a promise must be fulfilled. *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). A due process violation occurs if the Government breaches a significant express or implicit term of the plea agreement. *Id.* at 262–3, 92 S.Ct. 495. In this case, the evidence does not suggest that the State agreed not to use petitioner's 1993 assault conviction as a strike in a subsequent criminal proceeding. Rather, the record reflects that petitioner received the benefit of his 1993 bargain and nothing was said that ruled out the possibility that his 1993 conviction and the circumstances of the offense could later be used as an enhancement allegation. *See People v. Blackburn,* 72 Cal.App.4th 1520, 86 Cal.Rptr.2d 134 (1999); *see also United States v. Brownlie,* 915 F.2d 527 (9th Cir.1990). Therefore, no due process violation occurred.

## IV. Certificate of Appealability

In a habeas corpus proceeding, the final order is not subject to review unless a judge issues a certificate of appealability. 28 U.S.C. § 2253. Here, the issues are such that reasonable jurists would find the court's assessment of the constitutional claims debatable. Therefore, petitioner is entitled to a certificate of appealability on all the issues raised. *See Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

## V. Order

For the reasons stated, the court denies petitioner's motion for summary judgment and grants respondent's request for dismissal of the petition. A certificate of appealability is issued on all claims raised by petitioner.