Augustine PENA–SILVA,
Petitioner–Appellant,

v.

K. PROSPER, Warden, Respondent–
Appellee.

No. 08–17637.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 29, 2010.

Marylou Elin Hillberg, Attorney at Law, Sebastopol, CA, for Petitioner–Appellant.

Tami M. Krenzin, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

California state prisoner Augustine Pena–Silva appeals from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Pena–Silva contends that his Sixth Amendment rights were violated pursuant to *Blakely v. Washington*, 542 U.S. 296,

---

*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).*

124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), when the state trial court engaged in fact-finding to impose an upper-term sentence.

At sentencing, the trial court made the findings that Pena–Silva was on parole at the time of the crimes and that his prior adult convictions were numerous and of increasing seriousness. The California Court of Appeal's rejection of Pena–Silva's Sixth Amendment claim based on the prior conviction exception under *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was not "contrary to, or . . . an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). *See Kessee v. Mendoza–Powers*, 574 F.3d 675, 678–79 (9th Cir. 2009).

Because, under *Kessee*, the state court's interpretation of the prior conviction exception "does not contravene AEDPA standards," *id.* at 678, Pena–Silva's challenge to the district court's harmless error analysis is moot.

**AFFIRMED.**

---

*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.*