**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH JOHNSON, JR., | No. 10-15786 |
| Petitioner-Appellant, | D.C. No. 3:08-cv-05148-SI |
| v. | |
| ROBERT L. AYERS, JR., Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from The United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted May 10, 2011[**]
San Francisco, California

Before: D.W. NELSON and W. FLETCHER, Circuit Judges, and DUFFY, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided
by 9th Cir. R. 36.3.

[**]     The panel unanimously concludes this case is suitable for decision without oral
argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for
Southern New York, New York, sitting by designation.

Appellant Joseph Everett Johnson, Jr. ("Johnson") appeals the denial of his pro-se petition for writ of habeas corpus by the United States District Court for the Northern District of California. Johnson contends that the California state court violated the Sixth Amendment by imposing an upper-term sentence based on the aggravating factors of the increasing seriousness of his prior convictions and unsatisfactory performance on parole. We have jurisdiction under 28 U.S.C. § 1292(b) and § 2253 and we AFFIRM.

On July 22, 2005, a jury in California Superior Court, San Mateo County, found Johnson guilty of unlawful vehicle taking, possession of a firearm by a felon, possession of ammunition by a felon, possession of drug paraphernalia, and receiving stolen property. Before the trial, Johnson stipulated to having been previously convicted of a felony for robbery in 1998. On September 30, 2005, Johnson was sentenced to the upper-term of three years for the possession of a firearm by a felon, which was then enhanced to six years because the judge found that he had violated parole numerous times and that his prior convictions were of increasing seriousness.

This Court reviews de novo the district court's denial of a petition for writ of habeas corpus. Lopez v. Thompson, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

2

"[f]ederal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision 'was contrary to' federal law then clearly established in the holdings of [the Supreme] Court; or that it 'involved an unreasonable application of' such law; or that it 'was based on an unreasonable determination of the facts' in light of the record before the state court."  Harrington v. Richter, 131 S. Ct. 770, 785 (2011) (quoting 28 U.S.C. § 2254) (citations omitted).   "We review the state court's last reasoned decision."  Maxwell v. Roe, 628 F.3d 486, 495 (9th Cir. 2010).  In denying Johnson's appeal, the California Court of Appeal relied on the reasoning of the California Supreme Court in Black v. People, 161 P.3d 1130 (Cal. 2007) ("Black II").  Thus, we "look to the reasoning of [Black II] to determine whether the AEDPA requirements have been met."  Butler v. Curry, 528 F.3d 624, 640 (9th Cir. 2008).

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Id. at 490.  In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court expanded  Apprendi, holding that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may

3

impose <u>solely on the basis of the facts reflected in the jury verdict or admitted by the defendant</u>." <u>Id.</u> at 303 (emphasis in original) (citations omitted).

In Cunningham v. California, 549 U.S. 270 (2007), the Supreme Court struck down California's determinate sentencing law, which prescribed that a middle-term sentence should be imposed, unless in the judge's sole discretion, there were mitigation or aggravation factors to warrant a lower-term or upper-term sentence, which could be established by a preponderance of the evidence. <u>Id.</u> at 278. The Court held this law violated <u>Apprendi</u>, stating that "[i]f the jury's verdict alone does not authorize the sentence, if, instead, the judge must find an additional fact to impose the longer term, the Sixth Amendment requirement is not satisfied." <u>Id.</u> at 290. In <u>Black II</u>, the California Supreme Court considered a defendant's challenge to his sentence in the wake of <u>Cunningham</u>. The court broadly applied the "prior conviction" exception outlined in <u>Apprendi,</u> holding that it includes "not only the fact that a prior conviction occurred, but also other related issues that may be determined by examining the records of the prior convictions." 161 P.3d at 1143.

It cannot be said that there is clearly established Supreme Court precedent that is contrary to the holding in <u>Black II</u>. The scope of the "prior conviction" exception has not been defined by the Supreme Court, and the state court's decision is a

4

reasonable interpretation of that exception.  We therefore deny relief.  <u>See</u> <u>Kessee v. Mendoza-Powers</u>, 574 F.3d 675, 676-77 (9th Cir. 2009).

Further, even assuming there was a constitutional error, any such error is harmless, as it is clear that a jury would have found beyond a reasonable doubt that Johnson violated parole numerous times and that his prior convictions were of increasing seriousness.  <u>Butler</u>, 528 F.3d at 648 ("[Our court] must grant relief if we are in 'grave doubt' as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt.") (citations omitted).[1]

**AFFIRMED.**

---

[1]  "[U]nder California law, only one aggravating factor is necessary to authorize an upper term sentence."  <u>Butler,</u> 538 F. 3d at 641.