**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD HORTON, | No. 08-56927 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-08641-VAP |
| v. | |
| KATHLEEN DICKINSON, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

California state prisoner Richard Horton appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Horton contends that his upper-term sentence violates his Sixth Amendment rights because it was based on aggravating facts found by a judge relying on a probation report, rather than by a jury beyond a reasonable doubt.

The California Court of Appeal's determination that Horton's upper-term sentence is constitutional because it was based on the fact that he served a prior prison term and the fact that he was on probation at the time of the underlying crime was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 677 (9th Cir. 2009). Any error related to other judicial fact-finding was harmless, because, under California law, one aggravating factor is sufficient to impose an upper-term sentence. *See People v. Black*, 41 Cal. 4th 799, 815 (2007); *see also Butler v. Curry*, 528 F.3d 624, 642-43 (9th Cir. 2008) (explaining that one aggravating factor is sufficient notwithstanding the language of Cal. R. Ct. 4.420(b)).

**AFFIRMED**.