FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 27 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KOU CHA,

                Petitioner - Appellant,

  v.

JAMES E. TILTON and A. K.
SCRIBNER,

                Respondents - Appellees.

No. 09-16137

D.C. No. 1:06-cv-01672-IEG

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Irma E. Gonzalez, Chief Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

    California state prisoner Kou Cha appeals pro se from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cha contends that the trial court's conclusion that he failed to make a prima facie case of purposeful discrimination violated *Batson v. Kentucky*, 476 U.S. 79 (1986). The only support Cha provided for his *People v. Wheeler*, 22 Cal. 3d 255 (1978) motion was that the prosecutor used peremptory challenges to dismiss two Hispanic male potential jurors. In denying the motion, the trial court indicated that two Hispanic potential jurors remained in the jury box and a number of others were left on the panel. On that record, the trial court's conclusion that Cha failed to make a prima facie case of purposeful racial discrimination was not contrary to, or an unreasonable application of *Batson v. Kentucky*.

Cha also contends that there was insufficient evidence to support the gang sentencing enhancements he received under Cal. Pen. Code § 186.22(b)(1). The statute does not require that he knew that the gang members have engaged in a pattern of criminal gang activity. *See People v. Gamez*, 235 Cal. App. 3d 957, *disapproved on other grounds in People v. Gardeley*, 14 Cal. 4th 605, 624 n.10 (1996). The California Court of Appeal's determination that there was sufficient evidence to support the gang sentencing enhancements was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).

09-16137

Finally, Cha contends that his upper-term sentence violates his Sixth Amendment rights because it was based on aggravating facts found by a judge rather than by a jury. The California Court of Appeal's determination that Cha's upper-term sentence is constitutional, based on the fact that he was on probation at the time of the underlying crime, was not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 677 (9th Cir. 2009). Any error related to other judicial fact-finding was harmless, because, under California law, one aggravating factor is sufficient to impose an upper-term sentence. *See People v. Black*, 41 Cal. 4th 799, 815 (2007); *see also Butler v. Curry*, 528 F.3d 624, 642-43 (9th Cir. 2008) (explaining that one aggravating factor is sufficient notwithstanding the language of Cal. R. Ct. 4.420(b)).

We construe Cha's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

We construe Cha's September 20, 2011 letter as including a request to file a supplemental motion. So construed, the request is denied.

**AFFIRMED**.