NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY PENTON, | No.   19-56201 |
| Petitioner-Appellant, | D.C. No. 3:06-cv-00233-WQH-RBM |
| v. | |
| A. MALFI, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted November 18, 2020**
Pasadena, California

Before: CALLAHAN, BUMATAY, and VANDYKE, Circuit Judges.

Petitioner Anthony Penton appeals the district court's denial of his habeas petition under 28 U.S.C. § 2254, raising seven claims. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we review the district court's decision de novo.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011).  We affirm.[1]

First, the state trial court did not err in imposing the upper term sentence based on its finding that Petitioner's "prior convictions are numerous and of increasing seriousness."  Petitioner argues that the "narrow" prior conviction exception discussed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), and *Cunningham v. California*, 549 U.S. 270, 275, 288–89 (2007) ("*Apprendi* claim") does not apply to the state trial judge's determination.  But the Supreme Court did not specify the prior conviction exception's precise contours, which we have subsequently recognized as a lack of clearly established law on its scope.  *See Kessee v. Mendoza-Powers*, 574 F.3d 675, 676–77, 679 (9th Cir. 2009).  And other courts have interpreted the prior conviction exception in such a way that comports with the state trial court's determination here.  *See, e.g.*, *People v. Towne*, 186 P.3d 10, 16 (Cal. 2008).[2]  The state court's rejection of Petitioner's *Apprendi* claim was not contrary to or an unreasonable application of clearly established Supreme Court precedent.  *See* 28

---

[1] Because the parties are familiar with the facts, we recite them here only as necessary.

[2] The Supreme Court in *Cunningham* reiterated that the fact of a prior conviction remains an exception to *Apprendi*; it did not delineate the exception's scope.  *See Cunningham*, 549 U.S. at 274–75, 288–89 (2007).  *Cunningham* therefore does not squarely address or clearly extend to Petitioner's *Apprendi* claim.  *See Moses v. Payne*, 555 F.3d 742, 754 (9th Cir. 2009).

U.S.C. § 2254(d)(1).[3]

Second, the state court's rejection of Petitioner's claim that the prosecutor suppressed allegedly exculpatory police reports was not objectively unreasonable. *See* 28 U.S.C. § 2254(d); *Brady v. Maryland*, 373 U.S. 83, 87 (1963). While Petitioner argues that the prosecutor's untimely production of the reports materially impacted his defense, the state court reasonably determined that Petitioner already knew the information contained within the reports and could have presented it had he elected to take the stand. *See Milke v. Ryan*, 711 F.3d 998, 1017 (9th Cir. 2013). Petitioner already knew when he had reported his rental car as stolen and he already knew Thess Good, a friend of his discussed in one of the reports. Additionally, the jury heard multiple witnesses identify Petitioner as the culprit, and that Petitioner was linked to phone numbers that had made numerous calls in the same area as the crime, during the same time as the crime (and victims had observed that one of the perpetrators used a cell phone during the commission of the crime). The jury also learned that a search of Petitioner's home revealed an identification card with Petitioner's picture alongside the last name of the subscriber of one of the phone numbers that had made those many suspicious calls. Considering the substantial

---

[3] Petitioner's argument that the state trial judge unreasonably determined the facts pertaining to Petitioner's sentencing fail because they are based on alleged errors of state law, which does not warrant habeas relief. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam).

incriminating evidence presented at trial, and the fact that Petitioner chose not to pursue the information contained within the reports that he already knew, earlier disclosure of the reports would not have reasonably resulted in a different outcome. *See Turner v. United States*, 137 S. Ct. 1885, 1893 (2017).[4]

Third, the state court's exclusion of evidence pertaining to a stolen rental car was not contrary to or an unreasonable application of any clearly established Supreme Court precedent. *See Nevada v. Jackson*, 569 U.S. 505, 509 (2013) (per curiam); *United States v. Scheffer*, 523 U.S. 303, 308 (1998). The state trial court only excluded statements that qualified as hearsay, and allowed Petitioner to testify on the topic if he so chose. And as discussed, limiting the admissibility of those statements to Petitioner's testimony does not contradict or unreasonably apply *Mitchell*. *See supra* n.4.[5] But even if the state trial court unconstitutionally excluded

---

[4] By limiting the admissibility of certain evidence to Petitioner's testimony, the state trial court did not contradict or misapply *Mitchell v. United States,* 526 U.S. 314, 327–28 (1999). *Mitchell* does not squarely address or clearly extend to the application of well-established evidence exclusion rules and the need for a defendant's testimony to introduce otherwise-excluded evidence. *See id.* at 316–17, 27–28; *Moses*, 555 F.3d at 754. Moreover, we have previously upheld a trial judge's evidentiary ruling even when it meant that the admission of certain evidence required the requisite foundation, which could only occur through the defendant's testimony. *See Menendez v. Terhune*, 422 F.3d 1012, 1030–31 (9th Cir. 2005).

[5] While Petitioner argues that the state trial court unreasonably excluded the evidence under the factors discussed in *Miller v. Stagner*, 757 F.2d 988, 994 (9th Cir. 1985), the *Miller* factors do not constitute clearly established Supreme Court precedent for the purposes of habeas relief under AEDPA. *See Moses*, 555 F.3d at 759.

hearsay evidence, the exclusion did not have substantial and injurious effect or influence in determining the jury's verdict—especially given that, for the reasons discussed above, "the State's evidence of guilt was, if not overwhelming, certainly weighty." *Brecht v. Abrahamson*, 507 U.S. 619, 639 (1993); *see also Kyles v. Whitley*, 514 U.S. 419, 435 (1995).[6] Indeed, Petitioner's argument that the excluded evidence was "highly probative of the lack of a relationship between [Petitioner] and [his codefendant]," is belied by Petitioner's own statement to the police that he drove his "friend" and co-defendant who he had known "for … a few weeks" to the store and left the co-defendant in his rental car with the keys in the ignition.

Fourth, the state court reasonably rejected Petitioner's argument that testimony in a post-trial hearing, in the absence of Petitioner's presence, did not violate Petitioner's rights under the Confrontation Clause. There is no clearly established Supreme Court precedent extending the Confrontation Clause to post-trial hearings; indeed, the Supreme Court has repeatedly referred to the Confrontation Clause right as a trial right. *See, e.g.*, *Pennsylvania v. Ritchie*, 480 U.S. 39, 52–53 (1987); *California v. Green*, 399 U.S. 149, 157 (1970). While

---

[6] Neither did the state trial court's evidentiary ruling constitute an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). The state trial court reasoned that "[t]he timing [of the reporting] is unique only in that it puts in issue the credibility of [Petitioner] who obviously would be subject to cross-examination if he took the stand." The timing of Petitioner's reporting did not affect the admissibility of the excluded evidence.

5

Petitioner argues that the Confrontation Clause should apply in post-trial determinations of guilt, habeas review is not the appropriate place to extend Supreme Court precedent. Neither was the state court's rejection of this claim an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2). Even if confrontation rights apply in hearings adjudicating motions for new trials, the state court reasonably determined that the testimony at issue was only part of the reason the trial court denied his motion, which is a reasonable determination especially considering the weight of the evidence implicating Petitioner. As such, any alleged error did not have a substantial or injurious effect on the outcome of the proceeding. *See Brecht*, 507 U.S. at 637.

Fifth, the state court's rejection of Petitioner's attempt to collaterally attack a prior conviction due to the lack of appellate counsel was not contrary to or an unreasonable application of *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 404 (2001); 28 U.S.C. § 2254(d)(1). *Lackawanna* explicitly delimited its exception to rights protected by the Sixth Amendment and *Gideon v. Wainwright*, 372 U.S. 335 (1963), and "[t]he Sixth Amendment does not include any right to appeal." *Martinez v. Ct. of Appeal of Cal., Fourth App. Dist.*, 528 U.S. 152, 160 (2000). Because *Lackawanna* does not clearly extend to appellate counsel, the state court reasonably rejected this claim. *See Hooper v. Shinn*, 985 F.3d 594, 614–15 (9th Cir. 2021).

Sixth, the state court did not unreasonably reject Petitioner's ineffective assistance of appellate counsel claim. Petitioner fails to establish how his appellate counsel's representation fell below an objective standard of reasonableness, or how the results of the proceeding would have been different had his appellate counsel raised claims that multiple courts have since rejected, or that any unraised claims were plainly stronger than the claims raised. *See Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017); *Harrington v. Richter*, 562 U.S. 86, 104 (2011), *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner merely reincorporates the same arguments made throughout his briefings that we reject herein, and unpersuasively argues that the unraised claims were non-frivolous. *Cf. Davila*, 137 S. Ct. at 2067 ("Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed.").

Seventh, for the reasons stated herein, none of Petitioner's alleged errors combine for a cumulative effect that is so prejudicial as to require reversal. *See Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002).

Finally, we deny Petitioner's pending motion to stay appellate proceedings as moot in lieu of this disposition. Petitioner requests a stay and order that the district court hold his petition in abeyance pending the resolution of his "forthcoming filing of an actual innocence claim in state court," but has not indicated that he has initiated

7

any such state court proceedings. A claim of actual innocence does not independently warrant federal habeas relief, *Herrera v. Collins*, 506 U.S. 390, 400, 404 (1993), and Petitioner has not demonstrated how his proffered evidence strengthens his existing claims to the point that his arguments become potentially meritorious. *Cf. Gonzalez v. Wong*, 667 F.3d 965, 986 (9th Cir. 2011). Finally, the denial of his stay motion in federal court will not prevent him from pursuing his actual innocence claim in state court.[7]

    The district court is **AFFIRMED**, and Petitioner's motion to stay is **DENIED**.

---

[7] Because we deny Petitioner's motion as moot in lieu of this disposition, we likewise deny Petitioner's alternate request to allow Petitioner an evidentiary hearing before the district court as moot as well.