**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE ANTONIO ESTRELLA,
   *Petitioner-Appellant,*

   v.

DERRICK L. OLLISON, Warden,
   *Respondent-Appellee.*

No. 10-56203

D.C. No.
5:06-cv-01086-
CJC-FFM

OPINION

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted
December 9, 2011—Pasadena, California

Filed December 29, 2011

Before: Dorothy W. Nelson, Ronald M. Gould, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge D.W. Nelson

## COUNSEL

Michael Tanaka, Deputy Federal Public Defender, Los Angeles, California, for the petitioner-appellant.

Matthew Mulford, Deputy Attorney General, Office of Attorney General of California, San Diego, California, for the respondent-appellee.

---

**OPINION**

D.W. NELSON, Senior Circuit Judge:

Petitioner Jose Estrella appeals the denial of his habeas petition. Estrella contends that the California state trial court violated his Sixth Amendment rights when it imposed an upper term sentence based in part on its conclusion that he was on parole for a violent offense at the time of the crime. The district court concluded that Estrella suffered an error pursuant *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but found any such error harmless. We agree and affirm.

## I.  Background

A Riverside County jury convicted Estrella of kidnapping in violation of California Penal Code § 207 and other crimes for events that took place late on the night of September 2, 2002, and that continued into the early morning hours of September 3, 2002. The jury found that Estrella had a prior conviction for aggravated assault in violation of California Penal Code § 245(a)(1). Estrella admitted this fact after the jury verdict but before sentencing.

The trial court considered the probation report at sentencing. The probation report reflects criminal history information culled from FBI, DMV and Riverside Superior Court records: Estrella was convicted on August 14, 2000, for a violation of California Penal Code § 245(a)(1). The Riverside Superior Court sentenced Estrella to three years of formal probation for that conviction. A petition to revoke probation was filed on September 18, 2001. At a probation hearing on October 25,

2001, Estrella admitted to a violation of probation, was found in violation of probation and was sentenced to two years in state custody. Authorities placed him in custody on October 30, 2001. On July 11, 2002, Estrella was "[p]aroled to a USINS hold." On September 3, 2002, Estrella's parole was suspended, and he was returned to prison for further proceedings. On November 13, 2002, Estrella's parole was revoked and he was returned to custody for twelve months. The probation report also states that Estrella was on parole at the time he committed the underlying kidnapping. Estrella did not make an explicit objection to the probation report at sentencing.

At the time of Estrella's sentencing, California law provided a range of prison terms for kidnapping: three, five or eight years. Cal. Penal Code § 208(a). The trial court sentenced Estrella to the upper term of eight years, citing four factors in aggravation. The only factor at issue on appeal is whether Estrella was on parole for a violent offense at the time he committed the underlying kidnapping. The trial court doubled the eight-year upper term sentence pursuant to California's habitual offender provision, known as "Three Strikes." Cal. Penal Code § 667(e)(1). Also pursuant to California's Three Strikes law, the trial court added a consecutive five-year term. Cal. Penal Code § 667(a) (1). For Estrella's remaining convictions, the trial court imposed concurrent terms. In all, Estrella's prison term totaled 21 years.

Estrella appealed. The California Court of Appeal affirmed his conviction and sentence for all issues relevant to the matter before us. Estrella filed a petition for review in the California Supreme Court. The California Supreme Court denied the petition without prejudice to any relief to which Estrella might be entitled after the court determined the effect of *Blakely v. Washington*, 542 U.S. 296 (2004) on California law in two companion cases then-pending before the California Supreme Court.

Estrella brought a timely federal petition contending in part that his upper term sentence of eight years violated the Sixth Amendment, as the trial court found additional facts not proven beyond a reasonable doubt to a jury. The district court concluded that imposition of the upper term was contrary to clearly established federal law as set forth in *Apprendi*, 530 U.S. 466 (2000), *Blakely*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). The district court ordered an evidentiary hearing to determine prejudice. Following that hearing, the district court deemed the error harmless and denied Estrella's habeas petition.

## II.   Standard of Review

We have jurisdiction pursuant to 28 U.S.C. 2253, and we review de novo the district court's denial of Estrella's habeas petition. *Brown v. Horell*, 644 F.3d 969, 978 (9th Cir. 2011). As the petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern our review. *Lindh v. Murphy*, 521 U.S. 320, 322 (1997) (holding that AEDPA applies to petitions filed after April 24, 1996). Under AEDPA, we cannot grant habeas relief to Estrella unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## III.   Analysis

## A.   *Apprendi* Error

**[1]** Estrella's eight-year upper term sentence for kidnapping violated the Sixth Amendment. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Butler v. Curry*, we held that probation status falls outside the prior conviction exception to

*Apprendi*. 528 F.3d 624, 643-48 (9th Cir. 2008). We did so because, under California law, a judge retains the authority to modify the terms of probation at any time, including by terminating probation early or extending it for a longer term. *Butler*, 528 F.3d at 646. Because a court can modify the probation term after sentencing, those changes would not appear in the original conviction documents. *Id.* Therefore, we concluded that the prior conviction exception to *Apprendi* did not apply to probation status.

**[2]** We are persuaded that our analysis in *Butler* applies analogously to an individual's parole status, and, therefore, that parole status also does not fall within the prior conviction exception to *Apprendi*. As with probation, an individual's parole status can be altered after sentencing whether by suspension or revocation. Cal. Penal Code §§ 3060, 5077. It is true that revocation of probation requires a judicial determination of probable cause, while jurisdiction over parolees and the parole process is vested in an administrative agency. *Compare People v. Coleman*, 533 P.2d 1024, 1045-46 (Cal. 1975) *with In re Muszalski*, 125 Cal. Rptr. 286, 290-91 (Cal. Ct. App. 1975). This distinction does not alter our conclusion, however. The determinative factor for deciding whether the prior conviction exception should apply to an individual's parole or probation status is not the type of agency or judicial officer with the power to change the individual's status. Rather, it is the fact that one's parole or probation status can be changed, and that potential changes would occur after the imposition of a sentence, that informs our analysis. *See* Cal. Penal Code §§ 1203.3(a), 3060, 5077. Because these later changes can take place after judgment, we cannot be certain that the original conviction documents reflect accurately an individual's parole status. Therefore, we adopt the reasoning in *Butler* and hold that "the fact of being on [parole] at the time of a crime does not come within the 'prior conviction' exception and must be pleaded in an indictment and proved to a jury beyond a reasonable doubt." *Butler*, 528 F.3d at 647.

**[3]** Here, California law provided for three possible prison terms for kidnapping at the time of Estrella's sentencing: three, five or eight years. Cal. Penal Code § 208(a). The middle term of five years was the relevant statutory maximum. *Cunningham v. California*, 549 U.S. 270, 293 (2007). The trial court sentenced Estrella to the upper term upon finding that Estrella was on parole for a violent offense at the time of the kidnapping. Estrella's parole status at the time of the kidnapping was a fact other than a prior conviction that was not proved to a jury beyond a reasonable doubt. Imposition of the upper term sentence violated Estrella's Sixth Amendment rights. Moreover, *Butler* held even before the Supreme Court issued its decision in *Cunningham v. California*, 549 U.S. 270 (2007) (holding that *Apprendi* applied to a state court's decision to impose the high term under California's determinate sentencing law), a California court's decision to impose an upper term sentence based on matters not proved to a jury beyond a reasonable doubt was "contrary to" clearly established Supreme Court precedent (i.e., *Apprendi* and *Blakely*) that was in existence at the time of the state court's decision. *Butler*, 528 F.3d at 640-41; *see also* 28 U.S.C. § 2254(d)(1). *Butler* is directly on point here. Because the Supreme Court had decided *Apprendi* and *Blakely* before the state court ruled on this case, the state court's decision was "contrary to" clearly established Supreme Court precedent and we need not defer to it under AEDPA.

## B.   Harmless Error Analysis

**[4]** The finding of a constitutional error does not end our inquiry. In order to obtain relief, the *Apprendi* error must have caused Estrella prejudice. *Butler*, 528 F.3d at 648. The harmless error standard applies. *Washington v. Recuenco*, 548 U.S. 212, 218-20 (2006) (applying harmless error analysis to *Apprendi* violation). On habeas review, we must determine whether the error had a substantial and injurious effect or influence on the sentence. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Using that standard, we must grant relief if

we are in grave doubt that a jury would have found the relevant aggravating factor beyond a reasonable doubt. *Butler*, 528 F.3d at 648. Grave doubt exists when the matter is so evenly balanced that we are "in virtual equipoise" as to the harmlessness of the error. *Id.*

"[I]n conducting harmless error review of an *Apprendi* violation, we may consider the evidence presented at sentencing proceedings." *Id.* "*Apprendi* errors are harmless when we can ascertain that a judge was presented with sufficient documents at sentencing—including the original conviction documents and any documents evidencing a modification, termination, or revocation of probation—to enable a reviewing or sentencing court to conclude that a jury would have found the relevant fact beyond a reasonable doubt." *Id.* at 647 n.14.

**[5]** In assessing whether a jury would have found a petitioner's probationary status beyond a reasonable doubt in *Butler*, we noted that the trial court read and considered the probation report at sentencing but that the record excluded the report. *Id.* at 651. We remanded, reasoning that "to determine whether an *Apprendi* error was harmless, we must examine *the whole record*, including the evidence presented by the government at sentencing." *Id.* (emphasis added). We now hold explicitly what was implicit in *Butler*. We may consider the probation report in evaluating an *Apprendi* error for harmlessness.

Estrella contends that our holding in *United States v. Locklin*, 530 F.3d 908 (9th Cir. 2008), narrowed the scope of harmless error review of *Apprendi* error to the consideration of only the admissible evidence introduced at trial. We disagree. *Locklin* involved a direct appeal from a conviction for failure to appear in court pursuant to 18 U.S.C. § 3146. *Locklin*, 530 F.3d at 909. Locklin raised an *Apprendi* violation on appeal. *Id.* He argued that a violation of § 3146 was punishable for more than one year only if the underlying offense was a felony. *Id.* at 912. However, Locklin received a sentence of

30 months when "neither the penalty for Locklin's charged underlying offense nor any findings necessary to determine the underlying offense were submitted to the jury." *Id.* For these reasons, we found an *Apprendi* violation. *Id*. We also found prejudice. "[T]here was no evidence adduced at trial that would have supported a jury finding as to the charged underlying offense." *Id.* Nor was there "evidence in the whole record that the government would have introduced at trial had the issue been properly presented," that the offense underlying the § 3146 violation was a felony. *Id.* (internal quotation marks omitted) (quoting *United States v. Zepeda-Martinez*, 470 F.3d 909, 913-14 (9th Cir. 2006)). Rather, there was but one item in the entire record indicating that the underlying offense was a felony and that was the superceding indictment itself. In light of this deficit, we held there was nothing in the record that would have allowed a juror to make findings "necessary to authorize the District Court to sentence Locklin for a term of imprisonment of more than one year." *Id.* at 913.

Thus, *Locklin* does not overturn our long-standing rule that we must examine the whole record for harmless error "to assist us in determining what evidence [the parties] would have introduced at trial had the issue been properly presented." *Zepeda-Martinez*, 470 F.3d at 914 (alteration in original) (internal quotation marks omitted) (quoting *United States v. Nordby*, 225 F.3d 1053, 1061 n.6 (9th Cir. 2000), *overruled on other grounds by United States v. Buckland*, 227 F.3d 1173, 1182 (9th Cir. 2002) (en banc)); *see also United States v. Hollis*, 490 F.3d 1149, 1157 (9th Cir. 2007) (considering as part of the whole record uncontested information from the probation department's presentence report to determine the nature of a prior conviction), *abrogated on other grounds in DePierre v. United States*, 13 S.Ct. 2225, 2231-32, 2227-28 (2011); *United States v. Salazar-Lopez*, 506 F.3d 748, 766 (9th Cir. 2007) (considering as part of whole record uncontested factual allegations from presentence report to determine nature and timing of a prior conviction); *Zepeda-Martinez*, 470 F.3d at 913 (same as *Salzar-Lopez*).

**[6]** Having concluded that we may consider the probation report in determining prejudice, we must turn to whether the *Apprendi* error was harmless in this case. The focus at the district court, and here, is whether a jury would have found beyond a reasonable doubt that Estrella was on parole for a violent offense when he committed the kidnapping.

**[7]** Estrella admitted to an August 2000 conviction for aggravated assault. We do not have "grave doubt," *Butler*, 528 F.3d at 648 that the jury would have found beyond a reasonable doubt that the crime was violent. California Penal Code § 245(a)(1) sets the penalty for aggravated assault, which is also called assault with a deadly weapon. The statute describes aggravated assault as an act in which "[a]ny person . . . commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury." Cal. Penal Code § 245(a)(1). The statutory references to a deadly weapon and great bodily injury strongly suggest that the crime involves violence. *Cf. United States v. Grajeda*, 581 F.3d 1186, 1187 (9th Cir. 2009) (concluding that a prior conviction for a violation of California Penal Code § 245(a)(1) qualifies as a crime of violence within the meaning of the United States Sentencing Guidelines § 2L1.2(b)(1)).

**[8]** The question then becomes whether Estrella was on parole for his assault conviction at the time of the kidnapping. The probation reports demonstrates that he was. We note that while the criminal record notations in the probation report contain abbreviations, they are neither cryptic nor unintelligible. The probation report lists Estrella's criminal record including the August 2000 conviction for assault pursuant to California Penal Code § 245(a)(1). Estrella was sentenced to one year in custody and three years of formal probation for that assault. On October 25, 2001, probation was revoked, and Estrella was sentenced to two years in custody. On July 11, 2002, Estrella was paroled to a "USINS hold." His parole was

suspended on September 3, 2002, and revoked on November 13, 2002.

**[9]** The kidnapping started on the night of September 2, 2002, and continued into the early hours of September 3, 2002. Because Estrella was sentenced to two years in prison in October 2001, he had to have been either in custody or on parole on September 2, 2002, as he had not completed the two-year prison term imposed less than a year before. In addition, the probation report states that Estrella was paroled to a "USINS hold" on July 11, 2002, less than two months before the kidnapping. While a jury may not know what a "USINS hold" is, the probation report states both that (1) Estrella was paroled before the kidnapping in July 2002 and (2) that parole was revoked after the kidnapping in November 2002. The probation report leaves little room for any conclusion but that Estrella was on parole from his assault conviction at the time of the kidnapping. Accordingly, we do not have grave doubt that the jury would have found beyond a reasonable doubt that Estrella committed the kidnapping while on parole for assault. *Butler*, 528 F.3d at 648.

## IV.   Conclusion

**[10]** The trial court violated Estrella's Sixth Amendment rights when it imposed an upper term sentence for kidnapping based on facts not proven beyond a reasonable doubt to a jury. The state court's determination otherwise was contrary to clearly established Supreme Court law. Because the probation report demonstrates that a jury would have found that Estrella was on parole for a violent offense when he committed the kidnapping, we find the error harmless. We **AFFIRM** the district court's denial of Estrella's habeas petition on the merits.

   **AFFIRMED.**