NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EARL BALL,

          Petitioner - Appellant,

  v.

CHARLES L. RYAN and TERRY
GODDARD,

          Respondents - Appellees.

No. 10-15050

D.C. No. 4:07-cv-00491-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted September 14, 2012
San Francisco, California

Before:    ALARCÓN, GRABER, and BERZON, Circuit Judges.

    Petitioner-Appellant, Earl Ball, appeals from the district court's order

denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Ball was

convicted in two trials of twelve counts of sexual exploitation of a minor, in

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

violation of Arizona Revised Statutes §§ 13-3553(A)(2), 13-3551, 13-701, and 13-801, based on his possession of two videotapes and ten photographs of child pornography. He was sentenced to two aggravated sentences of ten years, to be served consecutively, for his convictions related to the videotapes. Because the parties are familiar with the history of this case, we need not recount it here. We have jurisdiction to review Ball's appeal under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

This court reviews a district court's decision to deny a habeas petition de novo. *Stokes v. Schriro*, 465 F.3d 397, 401 (9th Cir. 2006). Because Ball filed his petition after April 24, 1996, this court's review of the state court's decision is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA prohibits granting the writ "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). This court "looks through" the Arizona Supreme Court's summary denial on direct appeal to the Arizona Court of Appeals' decision, as it is the last-reasoned state court decision in

his case. *Williams v. Cavazos*, 646 F.3d 626, 635-36 (9th Cir. 2011), *cert. granted*, 132 S. Ct. 1088 (2012).

Ball contends that the Arizona Court of Appeals' decision contradicted and unreasonably applied *Blakely v. Washington*, 542 U.S. 296 (2004), when it concluded that the relevant statutory maximum was set by Arizona's Dangerous Crimes Against Children ("DCAC") statute, Ariz. Rev. Stat. § 13-604.01 (renumbered § 13-705), and that his sentences for the two videotapes did not exceed that statutory maximum. Ball argues that the jury did not find, and he did not admit, that "J," the minor depicted in the videotapes, was under the age of fifteen, as required for the application of the DCAC statute.

This court need not determine whether the Arizona Court of Appeals' decision was contrary to or an unreasonable application of *Blakely* because, even assuming it were, Ball has not shown that he suffered prejudice. The harmless error standard applies to determine whether there was prejudice. *Estrella v. Ollison*, 668 F.3d 593, 598 (9th Cir. 2011) (citing *Washington v. Recuenco*, 548 U.S. 212, 218-20 (2006)). The inquiry under the harmless error standard is whether "in light of the record as a whole," the error "'had substantial and injurious effect or influence in determining the jury's verdict.'" *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (quoting *Kotteakos v. United States*,

328 U.S. 750, 776 (1946)).  This court must grant relief if it is "in 'grave doubt' as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt."  *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008) (quoting *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995)).

No evidence in the record suggests that the "J" was fifteen years old or older.  To the contrary, all evidence presented by Ball and the prosecution strongly indicates that she was between the ages of ten and twelve-years old at the time the videotapes were made.  This evidence included the testimony of "J" and Ball's ex-wife, as well as the trial stipulation that the expert witness would testify that she was between the ages of ten and twelve.  Moreover, Ball's counsel stated in her opening argument to the jury that "there is no doubt" that the videotapes depict a twelve-year old, and the videotape so characterized was before the jury.  His counsel made similar statements before the jury during voir dire and in pretrial and post-trial motions and hearings.  In light of the uncontradicted evidence of "J's" age, there is no grave doubt that the jury would have found beyond a reasonable doubt that "J" was under fifteen years old.  Any *Blakely* error therefore would be harmless.

We also decline Ball's request to expand the certificate of appealability to include his other arguments on appeal because he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**