**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 7, 2013

No. 12-60002

Lyle W. Cayce
Clerk

LORENZO TARVER,

Petitioner-Appellant

v.

JACQUELYN BANKS, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
U.S.D.C. No. 4:10-CV-00159

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Lorenzo Tarver ("Tarver") appeals from the district court's denial of his federal habeas petition. Tarver contends that the two-year delay between his arrest and trial violated his Sixth Amendment rights and that his sentence was improperly enhanced by facts not found by a jury in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We AFFIRM the district court's denial of habeas relief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60002

## I. Factual and Procedural History

On June 18, 2004, Lorenzo Tarver was arrested after police officers found 31.8 kilograms of marijuana and a number of firearms inside his home, which was within 1,500 feet of a protected area, in violation of Mississippi Code 41-29-142(1) (2009).  Due to a delay in obtaining results from the crime lab, Tarver's case was not presented to the grand jury until January 2005.  After being indicted, Tarver's trial was originally scheduled for June 22, 2005, at which time the trial judge denied Tarver's motion to dismiss based on a violation of his speedy trial rights.  Following several suppression hearings, which were held on the original trial date, Tarver's counsel asked to delay the trial due to scheduling conflicts.  Tarver later hired new counsel, who sought continuances until June 2006, when the trial judge required the trial to begin.

After finding Tarver guilty of possession of marijuana with intent to sell, the jury was dismissed.  An officer testified at sentencing that he measured the distance of 899 feet between Tarver's property line and the property line of a nearby daycare.  Tarver did not object to this testimony.  The trial court ruled the prosecution had proven beyond a reasonable doubt that the crime occurred within 1,500 feet of a daycare, and sentenced Tarver to 60 years of imprisonment, double the sentence he would have otherwise received without the enhancement.

Tarver appealed his sentence on multiple grounds, including denial of his speedy trial rights and Sixth Amendment rights.  The Mississippi Supreme Court affirmed his conviction and sentence.  Tarver then filed an application for habeas relief in state court, in which he argued, inter alia, that his speedy trial rights were denied and that his sentence violated *Apprendi*.  The Supreme Court of Mississippi issued an order denying the appeal, stating that Tarver's claims were previously adjudicated, and therefore bared by the doctrine of res judicata.

No. 12-60002

Tarver filed an application for habeas relief under 28 U.S.C. § 2254 in the district court, arguing numerous grounds of error, which was denied. After the district court denied his certificate of appealability ("COA"), Tarver sought and received a COA from this court with respect to his speedy trial and *Apprendi* claims.

## II. Standard of Review

"In a habeas corpus appeal, we review the district court's findings of fact for clear error and review its conclusions of law de novo." *Martinez v. Johnson*, 255 F.3d 229, 237 (5th Cir. 2001) (quoting *Thompson v. Cain*, 161 F.3d 802, 805 (5th Cir. 1988)). "A federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court cannot grant habeas corpus relief to claims a state court adjudicates on the merits unless the state court's holding

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Therefore, a federal court's review of a claim adjudicated in a state court is highly deferential. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct. 770, 786 (2011) (citation and internal quotation marks omitted). Under § 2254(d), a state prisoner seeking federal habeas relief "must show that the state court's ruling on the claim . . . was so lacking in justification that there was an

error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786. Moreover, a state court's factual findings are presumed correct unless the applicant rebuts that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Section 2254(d) authorizes federal courts to review only a state court's decision, not the written explanation for that decision. *Summers v. Dretke*, 431 F.3d 861, 868 (5th Cir. 2005).

## III. Discussion

### A. Speedy Trial

Tarver contends that his right to a speedy trial was violated, and that the violation is presumptively prejudicial because there was an almost two-year delay between his arrest and his trial. He also contends that the delay prevented him from finding two defense witnesses and caused him significant anxiety. We affirm the district court's denial of habeas relief because Tarver has not provided sufficient evidence demonstrating that it was unreasonable for the state court to conclude that his speedy trial right was not violated. *See* 28 U.S.C. § 2254(d).

The Sixth Amendment right to a speedy trial is "'fundamental' and is imposed by the Due Process Clause of the Fourteenth Amendment on the States." *Barker v. Wingo*, 407 U.S. 514, 515 (1972). The right "attaches when the defendant has been formally indicted or actually restrained accompanying arrest." *United States v. Jackson*, 549 F.3d 963, 971 (5th Cir. 2008) (citation and internal quotation marks omitted). In reviewing a speedy trial claim, the court assesses the following factors: (1) the length of delay, (2) the reason for the delay, (3) the defendant's diligence in asserting the right, and (4) any prejudice to the defendant resulting from the delay. *Barker*, 407 U.S. at 530.

No. 12-60002

The state court, in reviewing the speedy trial claim, found that although the almost two year delay was sufficient to trigger *Barker* analysis, there was no violation because Tarver's counsel caused (the second) half of the delay and Tarver could show no prejudice. *Tarver v. Banks*, 15 So.3d 446, 461-62 (Miss. Ct. App. 2009). Tarver does not present evidence sufficient to rebut by clear and convincing evidence the state court's determination that the cause of delay weighed in favor of the state because the state's reasons for delay were primarily neutral and the second year of delay was the result of Tarver's counsel's unavailability. *Id.*; *see* 28 U.S.C. § 2254(e)(1).

Furthermore, Tarver does not present sufficient evidence to rebut by clear and convincing evidence the state court's determination that the delay did not prejudice Tarver. While Tarver asserts that the delay contributed to hardships in finding two witnesses, he admits that he does not know how those witnesses would have affected the outcome of the case. *Id.* In a case factually similar to the one at hand, we have previously noted that the defendant's "vague and conclusory allegations" were "insufficient to constitute proof of prejudice." *Goodrum v. Quarterman*, 547 F.3d 249, 262 (5th Cir. 2008). Because Tarver does not even know the names of the potential witnesses or the content of their testimony, we conclude that the district court properly held that it was not an unreasonable application of the law for the state court to hold that Tarver did not demonstrate prejudice.

On appeal to this court, Tarver asserts, for the first time, that he was prejudiced by the delay because the recovered marijuana was stolen from the police station before trial and because he suffered mental anguish. As a general rule, "arguments not raised before the district court are waived on appeal" and, absent an applicable exception not claimed here, issues not exhausted in the

state court cannot be considered for the first time on federal habeas review.[1] *Balentine v. Thaler*, 626 F.3d 842, 848 (5th Cir. 2010) (citation omitted); *Ruiz v. Quarterman*, 460 F.3d 638, 643 (5th Cir. 2006) (holding that a petitioner's claims are procedurally defaulted on federal habeas review where the facts or legal theories relied upon are different in federal court than in state court). Thus, we decline to address these arguments.

The evidence on the record shows that the state court did not unreasonably conclude that Tarver's speedy trial right was not violated; therefore, the district court properly denied habeas relief. *See Summers*, 431 F.3d at 869.

B. *Apprendi* Violation

Tarver contends that his sentence was impermissibly enhanced to twice the statutory maximum in violation of *Apprendi*, because the trial judge, based on facts not presented to the jury, made the proximity finding necessary to increase Tarver's sentence according to Mississippi Code 41-29-142(1). We affirm the district court's denial of habeas relief based on Tarver's *Apprendi* claim.

The state supreme court dismissed the *Apprendi* issue, which Tarver first raised in his petition for habeas relief, along with all of his other claims, holding that the claims raised in state habeas had already been addressed in Tarver's direct appeal and lacked merit. Although the state supreme court did not

---

[1] In any event, we determine these issues are without merit. The theft took place after samples of the marijuana had been taken to the crime lab, and photographs of the marijuana were introduced at trial. Tarver does not claim that the substance in the photographs was not marijuana, and therefore, there is no reason that he was prejudiced by the theft. Furthermore, Tarver admits that his mental anguish is not above what an average person facing charges would encounter and also provides no evidence that he has suffered any anxiety. *See United States v. Frye*, 489 F.3d 201, 213 (5th Cir. 2007) (holding there was no prejudice where a defendant provided no evidence beyond his own allegations that he suffered anxiety).

No. 12-60002

explicitly discuss Tarver's *Apprendi* claim, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 131 S.Ct. at 784-85 (2011). Furthermore, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Id.* at 784. Where there is no accompanying explanation, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* "If we would accord AEDPA deference to a state court decision that contained no explanation for its denial of relief, we are hard pressed to deny such deference to a state court's decision indicating that the claims were without merit," regardless of how they reach that conclusion. *Woodfox v. Cain*, 609 F.3d 774, 797 (5th Cir. 2010); *see also Moore v. Dretke*, 182 F. App'x 329, 335 (5th Cir. 2006) (unpublished) ("[W]e cannot second guess a state court's decision just because its reasoning is wrong."). Furthermore, we have consistently held that a federal habeas court is "authorized . . . to review only a state court's 'decision,' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002); *Trottie v. Stephens*, 720 F.3d 231, 240-41 (5th Cir. 2013). Therefore, when looking at the ultimate legal determination arrived at by the state court, the federal court must review "what arguments or theories . . . could have supported[] the state court['s] decision; and then to ask whether it is possible fair-minded jurists could disagree that those arguments or theories are inconsistent with a prior decision of this Court." *Harrington,* 131 S.Ct. at 786; *see also Cullen v. Pinholster*, 131 S.Ct. 1388, 1402 (2011).

We affirm the district court's denial of habeas relief because the state court would not have been unreasonable to have concluded that any *Apprendi* error

was harmless.[2]  An *Apprendi* error does not "belong[] in the limited class of fundamental constitutional errors that defy analysis by harmless error standards."  *United States v. Matthews*, 312 F.3d 652, 665 (5th Cir. 2002) (citation and internal quotation marks omitted); *see Washington v. Recuenco*, 548 U.S. 212, 222 (2006)("Failure to submit a sentencing factor to the jury . . . is not structural error.").  Because Tarver's indictment properly included a charge alleging a violation of Mississippi Code 41-29-142(1), we look only at the state's failure to present evidence to the jury and to specifically request a jury finding on whether the drugs were found within 1,500 feet of a protected area.

Here, the evidence that the offense occurred within 1,500 feet of a daycare—which was only presented at the sentencing hearing—was uncontroverted.  Tarver does not contend that there is any dispute about the distance between his property and the daycare.[3]  The measurement taken by the

---

[2]  In *Fry v. Pliler*, 551 U.S. 112, 121 (2007), the Supreme Court held that the more deferential standard (i.e., more difficult for a petitioner to meet) announced in *Brecht v. Abrahamson*, 507 U.S. 619 (1993), applies on habeas review to determine harmlessness of errors instead of the less deferential standard in *Chapman v. California*, 386 U.S. 18 (1967). *Brecht* requires a showing of actual prejudice: "a substantial and injurious effect on the jury's verdict" while *Chapman* examined harmlessness beyond a reasonable doubt (and, under a habeas review, would then lead to the question of whether the state court's determination that an error was harmless beyond a reasonable doubt was unreasonable). *Fry*, 551 U.S. at 119-20. Of course, here the issue is that the jury was never asked to issue a verdict, complicating the question of applying *Brecht*.  In *Estrella v. Ollison*, 668 F.3d 593, 598 (9th Cir. 2011), the Ninth Circuit construed *Brecht* as requiring that on habeas review, the court must determine whether the *Apprendi* error had a "substantial and injurious effect on the sentence." 668 F.3d at 598.  To determine prejudice, the court held that in using this standard, relief would only be granted if there is "grave doubt that a jury would have found the relevant aggravating factor beyond a reasonable doubt." *Id.* (citation omitted) Because we conclude that the state court decision here meets the less deferential review provided by the "more liberal AEDPA/*Chapman* standard," *Fry*, 551 U.S. at 120, we need not reach the question of how to apply *Brecht* to a claimed *Apprendi* error.

[3] In fact, the state appellate court noted, in dismissing Tarver's claim that his Sixth Amendment right was violated when the indictment was altered to reflect that the marijuana was found within 1,500 feet of a daycare, rather than a park, that Tarver's sole argument against the indictment was that he could no longer raise his sole defense to the sentence enhancement: that the protected area was not a park. *Tarver*, 15 So. 3d at 458.

No. 12-60002

testifying officer of 899 feet is well within 1,500 feet of a protected area, as required by the statute. Any rational jury, "when presented with this evidence, could not and would not reach 'a contrary finding with respect to the omitted element.'" *Matthews*, 312 F.3d at 667 (applying a less deferential standard of review because it was a direct review of a criminal case). Therefore, under harmless error review, the state court would not be unreasonable for dismissing Tarver's *Apprendi* claim.

Tarver has failed to show that the state court's rejection of his *Apprendi* claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786-87. Accordingly, the district court properly denied Tarver relief on this issue.[4]

## IV. Conclusion

The district court's denial of Tarver's request for habeas relief is AFFIRMED.

---

[4] The district court denied Tarver's claim based on its conclusions that Tarver had waived the *Apprendi* error for strategic reasons and because any potential *Apprendi* error was harmless due to Tarver's status as a repeat drug offender, thus making a 60-year sentence possible under the state's recidivism statute. We do not reach these issues because we conclude on other grounds that the district court properly denied habeas relief.