**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY ANTHONY POWELL, | No. 12-15608 |
| Petitioner - Appellant, | D.C. No. 2:09-cv-01598-MCE-TJB |
| v. | |
| D. L. RUNNELS, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief District Judge, Presiding

Argued and Submitted July 9, 2014
San Francisco, California

Before: FERNANDEZ, N.R. SMITH, and CHRISTEN, Circuit Judges.

We review a petition for a writ of habeas corpus de novo, giving deference to the state court's factual findings and reviewing the district court's factual findings for clear error. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000) (en banc).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

"An application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court" may only be granted where

> the adjudication of the claim (1) resulted in a decision that was
> contrary to, or involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme Court of the
> United States; or (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the evidence
> presented in the State court proceeding.

28 U.S.C. § 2254(d).

## I.

The California Court of Appeal's conclusion—that the state trial court had

not violated Powell's Sixth Amendment jury trial right by relying on Powell's

parole status as an aggravating circumstance warranting upper term

sentences—was not "an unreasonable application" of Supreme Court precedent.[1]

*See Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011)*.* At the time the

California Court of Appeal reached its decision, the Supreme Court had not spoken

on the breadth of the prior conviction exception in *Apprendi*, 530 U.S. at 490, and

---

[1]Though the upper term sentence on the personal use of a firearm enhancement was clearly based on Powell's parole status at the time, the upper term sentence for attempted voluntary manslaughter may not have been. However, to the extent it wasn't, the upper term sentence for attempted voluntary manslaughter was nevertheless based on facts found by the jury, including the use of a firearm and the threat of great bodily injury. Thus, this was not error under *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

the circuits were split on whether one's parole status fell within it. *See Kessee v. Mendoza-Powers*, 574 F.3d 675, 677 (9th Cir. 2009) ("For purposes of AEDPA review, . . . a state court's determination that is consistent with many sister circuits' interpretations of Supreme Court precedent, even if inconsistent with [the Ninth Circuit's] view, is unlikely to be 'contrary to, or involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.'").[2]

## II.

We grant Powell's request for a certificate of appealability with respect to his claim that the state trial court's erroneous attempted voluntary manslaughter jury instruction was prejudicial, because Powell "has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). All parties agree the jury instruction was erroneous. *See Dixon v. Williams*, 750 F.3d 1027, 1034 (9th Cir. 2014). The erroneous jury instruction was also constitutional error. *See id.* Thus, the issue is

---

[2]*Estrella v. Ollison*, 668 F.3d 593 (9th Cir. 2011), is not to the contrary. There, the state court had used the petitioner's parole status as an aggravating factor warranting an upper-term sentence, though not found by the jury, but it did not do so under the weight of the "prior conviction" exception. *Id.* at 598; *see also Estrella v. Ollison*, No. 06-1086 CJC (FFM), 2010 WL 2851878 at *5 n.7 (C.D. Cal. June 11, 2010).

"adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotation marks omitted).

Nevertheless, we do not have "grave doubt" about whether the California Court of Appeal's decision—that the erroneous attempted voluntary manslaughter jury instruction did not prejudice Powell—"affected [the] jury substantially and injuriously." Dixon, 750 F.3d at 1034 (alteration omitted).

The California Court of Appeal relied on the following facts in reaching its conclusion: (1) the parties were focused on the murder charge at trial: the prosecution only mentioned the attempted voluntary manslaughter possible alternative verdict at closing in two sentences, and the defense never spoke of it at all; and (2) the evidence that Powell was the shooter and shot Green with intent to kill was strongly supported by the presence of two bullets in Green's body and the number of shots Powell fired at her. Additional facts highlighted by the federal district court further substantiate the absence of prejudice: (1) Powell shot Green in the back while sitting directly behind her in the car's backseat; and (2) Powell pursued Green and fired more shots at her after she fled the vehicle, hitting her another time.

**AFFIRMED**.