**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANCISCO JAVIER ROMERO,

Petitioner-Appellant,

v.

CHARLES L. RYAN,

Respondent-Appellee.

No.    15-15768

D.C. No. 2:08-cv-00542-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted February 16, 2017[**]
San Francisco, California

Before:  W. FLETCHER, RAWLINSON, and FUENTES,[**] Circuit Judges.

Appellant Francisco Javier Romero (Romero) appeals the district court's

decision denying his habeas petition.  He asserts that his aggravated sentence was

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004). After killing four people and injuring three others in a car accident, Romero was sentenced to 31 years' imprisonment for four counts of manslaughter and three counts of aggravated assault in violation of Ariz. Rev. Stat. §§ 13-1103, 1203, and 1204. Romero contends that the trial judge erred under *Blakely* and violated the Sixth Amendment by relying on facts not admitted by Romero or found by a jury beyond a reasonable doubt to impose the aggravated sentence. The State concedes *Blakely* error but argues that the error was harmless. We review a district court's denial of a habeas petition *de novo*. *See Visciotti v. Martel*, 839 F.3d 845, 856 (9th Cir. 2016).

We agree that the trial court's *Blakely* error was harmless. *See Estrella v. Ollison*, 668 F.3d 593, 598 (9th Cir. 2011) (explaining that an error is not harmless "if we are in grave doubt that a jury would have found the relevant aggravating factor beyond a reasonable doubt") (citation and internal quotation marks omitted).

At the time of Romero's offense, Ariz. Rev. Stat. § 12-703(C)(9) enumerated as an aggravating factor the "physical, emotional and financial harm caused to the victim or . . . the emotional and financial harm caused to the victim's immediate family." At the sentencing hearing, Romero's victims and their families provided substantial testimony that they endured physical, emotional, and financial

2

injury in the aftermath of the automobile accident. Accordingly, there is no "grave doubt" that a reasonable juror would have found that the victims and their families suffered physical, emotional, and financial injury due to Romero's conduct. *Estrella*, 668 F.3d at 598-99 (observing that the court may consider "evidence presented at sentencing proceedings" in its harmless error analysis).

Under Arizona law, once the jury found this factor, Romero was exposed to the aggravated sentencing range and the trial court had discretion to consider additional factors relevant to sentencing. *See State v. Martinez*, 115 P.3d 618, 624 (Ariz. 2005) (en banc) (ruling that once a jury implicitly or explicitly establishes one *Blakely*-compliant aggravating factor, the sentencing judge may consider additional aggravating circumstances relevant to imposing a sentence up to the statutory maximum). This court has previously upheld a similar sentencing scheme under the Sixth Amendment. *See Butler v. Curry*, 528 F.3d 624, 643 (9th Cir. 2008) (holding that "if at least one of the aggravating factors on which the judge relied in sentencing . . . was established in a manner consistent with the Sixth Amendment," the sentence itself is constitutional); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2163 (2013) (explaining that once a fact that increases the maximum possible sentence has been found by a jury, judges retain the discretion

to engage in factfinding in determining where a defendant's sentence falls within that range).

Viewing the record as a whole, no reasonable juror would have failed to find the trial court's relied-upon factors beyond a reasonable doubt, and the court's *Blakely* error was harmless. *See Estrella*, 668 F.3d at 598.

**AFFIRMED.**