**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

DEANDRE LAMONT LOCKLIN,
            *Defendant-Appellant.*

No. 07-50187

D.C. No.
CR-04-01359-DT

OPINION

Appeal from the United States District Court
for the Central District of California
Dickran M. Tevrizian, District Judge, Presiding

Argued and Submitted
May 8, 2008—Pasadena, California

Filed June 25, 2008

Before: William A. Fletcher and Ronald M. Gould,
Circuit Judges, and Louis H. Pollak* Senior District Judge.

Opinion by Judge Louis H. Pollak

---

*The Honorable Louis H. Pollak, Senior United States District Judge
for the Eastern District of Pennsylvania, sitting by designation.

**COUNSEL**

Davina T. Chen, Federal Public Defender's Office, Los Angeles, California, for the appellant.

Anthony R. Montero and Michael J. RaphaelOffice of the United States Attorney, Los Angeles, California, for the appellee.

**OPINION**

POLLAK, District Judge:

   Deandre Lamont Locklin appeals (a) his conviction for failure to appear, in violation of 18 U.S.C. § 3146(a)(1), and (b)

his sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm the conviction, vacate the sentence, and remand for resentencing.

## I.

In September 2004, Locklin was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was released from custody on bond and, as a condition of release, was required to appear at all court proceedings held in connection with the indictment. Locklin attended court on the morning of June 21, 2005, for the beginning of jury selection for his trial, but fled at the lunch break. He was apprehended months later and, in a superseding indictment, charged, as before, with being a felon in possession of a firearm, in violation of § 922(g)(1) (count one), and, additionally, with failure to appear, in violation of 18 U.S.C. § 3146(a)(1) (count two). Testifying on his own behalf at trial, Locklin admitted that he failed to appear in court on June 21, 2005.[1] The jury acquitted Locklin of being a felon in possession of a firearm, but convicted him of failure to appear. Locklin was sentenced to a prison term of 30 months. He timely appealed his conviction and sentence.

## II.

Challenging his conviction, Locklin contends (a) that the essential elements of failure to appear, in violation of § 3146(a)(1), include the facts necessary to determine the statutory penalty for the offense that the defendant was "released in connection with" before failing to appear in court, 18 U.S.C. § 3146(b)(1)(A) (*i.e.*, the penalty for the underlying offense); and (b) that the government did not adduce evidence

---

[1]Additionally, in her summation, Locklin's counsel urged the jury to "[g]ive Mr. Locklin the respect he deserves. Find him guilty of Count Two, the failure to appear, and not guilty as to Count One, felon in possession."

at trial sufficient to determine the penalty for Locklin's underlying offense. Locklin did not raise this claim before the District Court, and we thus review for plain error. *See United States v. Dowd*, 417 F.3d 1080, 1085 (9th Cir. 2005).

Section 3146 provides as follows:

**(a) Offense.**—Whoever, having been released under this chapter knowingly—

(1) fails to appear before a court as required by the conditions of release; or

(2) fails to surrender for service of sentence pursuant to a court order;

shall be punished as provided in subsection (b) of this section.

**(b) Punishment.**—(1) The punishment for an offense under this section is—

(A) if the person was released in connection with a charge of, or while awaiting sentence, surrender for service of sentence, or appeal or certiorari after conviction for—

(i) an offense punishable by death, life imprisonment, or imprisonment for a term of 15 years or more, a fine under this title or imprisonment for not more than ten years, or both;

(ii) an offense punishable by imprisonment for a term of five years or more, a fine under this title or imprisonment for not more than five years, or both;

>(iii)   any other felony, a fine under this title or imprisonment for not more than two years, or both; or
>
>(iv) a misdemeanor, a fine under this title or imprisonment for not more than one year, or both; and
>
>(B) if the person was released for appearance as a material witness, a fine under this chapter or imprisonment for not more than one year, or both.

18 U.S.C. § 3146(a)-(b).

As Locklin concedes, the government proved the elements of failure to appear as we described them in *Weaver v. United States*:

>To establish a violation of 18 U.S.C. § 3146, the government ordinarily must prove that the defendant (1) was released pursuant to [Title 18, Chapter 207 of the U.S. Code], (2) was required to appear in court, (3) knew that he was required to appear, (4) failed to appear as required, and (5) was willful in his failure to appear.

37 F.3d 1411, 1412-13 (9th Cir. 1994) (citing *United States v. McGill*, 604 F.2d 1252, 1254 (9th Cir. 1979)); *see also United States v. Fisher*, 137 F.3d 1158, 1162 (9th Cir. 1998) (reciting the elements identified in *Weaver*). Locklin argues, however, that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), decided six years after *Weaver*, rendered incomplete the *Weaver* list of the elements the government must prove to a jury in order to secure a conviction under § 3146. According to Locklin, the government must now prove to a jury (in the absence of an adequate stipulation by a defendant) the underlying offense — *i.e.*, the offense "in connection with" which the defendant was

held in federal custody before being released on the condition that he attend designated court appearances. Under Locklin's interpretation of § 3416, the underlying offense is an essential element of failure to appear because, absent this finding, there is no determinable range of penalties authorized for the conduct that the statute proscribes. *See In re Winship*, 397 U.S. 358, 364 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.").

Locklin's contention is rooted in *Apprendi*'s instruction that the government has the burden of proving to a jury any "fact that increases the penalty for a crime beyond the prescribed statutory maximum . . . ." 530 U.S. at 490. Under § 3416(b)(1)(A), a severe penalty — incarceration of up to ten years — may be imposed when the charged underlying offense is one that carries with it a term of incarceration of fifteen years to life, 18 U.S.C. § 3146(b)(1)(A)(i); failure to appear in connection with a charged offense punishable by five or more years of incarceration is punishable by imprisonment for up to five years, 18 U.S.C. § 3146(b)(1)(A)(ii); when the charged offense is a lesser felony, failure to appear is punishable by imprisonment for up to two years, 18 U.S.C. § 3146(b)(1)(A)(iii); and when the charged offense is a misdemeanor, failure to appear may generate imprisonment for not more than a year, 18 U.S.C. § 3146(b)(1)(A)(iv).

**[1]** Contrary to the interpretation of § 3146(b) urged by Locklin, this penalty scheme authorizes a range of punishments for failure to appear that are valid regardless of the underlying offense. Under § 3146(b)(1)(A), any sentence that is permitted when the charged underlying offense is a misdemeanor is likewise permitted if the underlying offense carries more serious penalties. Hence, regardless of whether the government has proved the underlying offense to the jury, the district court may, without running afoul of any of the provisions of § 3146(b)(1)(A), impose a term of imprisonment that does

not exceed one year. Therefore, the underlying offense need not be proved to the jury to authorize some valid punishment under § 3146, and thus is not a "fact necessary to constitute the crime" of failure to appear. *Winship*, 397 U.S. at 364. Accordingly, *Weaver* continues to be an accurate statement of the essential elements of failure to appear, in violation of § 3146.

We therefore affirm Locklin's conviction.

### III.

Locklin also contends that his sentence violated *Apprendi*. Because Locklin raised this claim before the District Court, we review for harmless error. *United States v. Zepeda-Martinez*, 470 F.3d 909, 913-14 (9th Cir. 2006).

**[2]** Under the § 3146 penalty framework, described above, a violation of § 3146(a) may be punished by a term of imprisonment exceeding one year only if the underlying offense is a felony. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Accordingly, if the government seeks a sentence for failure to appear that exceeds one year's imprisonment, the underlying offense "must be submitted to a jury, and proved beyond a reasonable doubt." *See id.*

**[3]** Locklin was sentenced to 30 months' imprisonment for his failure to appear in court. However, neither the penalty for Locklin's charged underlying offense nor any findings necessary to determine the underlying offense were submitted to the jury. Thus, the sentence contravened *Apprendi*.

**[4]** This error was not harmless, as there was no evidence adduced at trial that would have supported a jury finding as to the charged underlying offense. *Cf. United States v. Hollis*,

490 F.3d 1149, 1157 (9th Cir. 2007) (holding that *Apprendi* error was harmless where there was "overwhelming and uncontradicted evidence at trial" of the identity of the drug that the defendant distributed); *Zepeda-Martinez*, 470 F.3d at 913-14 (holding, where the defendant pled guilty to the offense, that *Apprendi* error was harmless in light of the evidence in the "whole record" that the government "would have introduced at trial had the issue been properly presented" (internal quotation marks omitted)). Doubtless one could grasp, from the terms of the superseding indictment, the facts that the government proposed to prove with respect to the underlying offense.[2] However, as the District Court correctly

---

[2]In addition to charging Locklin, in count one, with being a felon in possession of a firearm, the superseding indictment charges, in count two, that:

> On or about June 21, 2005, . . . defendant, Deandre Lamont Locklin, having been indicted in *United States of America v. Deandre Lamont Locklin*, case number CR 04-1359-DT, and charged with having knowingly possessed a firearm and ammunition, in and affecting interstate commerce, and such possession having occurred after defendant had been convicted of a felony which was punishable by terms of imprisonment exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1), and having been arrested and released from custody on bond, pursuant to Title 18, United States Code, Section 3142, and having been ordered to appear for trial before the Honorable Dickran M. Tevrizian, Jr., United States District Judge, knowingly and willfully did fail to appear as required before the aforementioned court.

In the jury charge, after summarizing count one of the superseding indictment, the District Court clarified the scope of count two's charged underlying offense by stating that:

> Count Two of the First Superseding Indictment charges that on or about June 21, 2005, . . . Deandre Lamont Locklin, having been indicted in *United States of America versus Deandre Lamont Locklin*, case number CR, criminal 04-1359-DT, and charged in Count One, that I just read to you . . . and having been ordered to appear for trial before me, . . . knowingly and willfully did fail to appear as required.

cautioned the jury in the case at bar: "The First Superseding Indictment is not evidence." Rather, as the District Court correctly advised the jury prior to issuing that caveat: "The evidence from which you are to decide what the facts are consists of: (1) the sworn testimony of any witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all lawyers have stipulated." As to these categories of material, the government proffered no testimony, and submitted no exhibits, establishing that being a felon in possession of a firearm, in violation of § 922(g)(1), was the underlying offense of the failure-to-appear count. The parties did stipulate that, prior to failing to appear in court, Locklin "was out of custody on bail, having been charged in *United States of America v. Deandre Lamont Locklin*, Case No. 04-1359-DT." Gov't Excerpts of Record at 8. However, no additional evidence was submitted that would allow a lay factfinder to infer, from this stipulation, that, in June 2005, the offense charged in case number 04-1359-DT was possession of a firearm by a felon. Thus, there was no evidence from which a juror could make the findings necessary to authorize the District Court to sentence Locklin for a term of imprisonment of more than one year. Accordingly, Locklin's sentence of 30 months' imprisonment, in violation of *Apprendi*, was not harmless error.

**[5]** We therefore vacate Locklin's sentence and remand for resentencing consistent with the facts proved to the jury beyond a reasonable doubt.

**Conviction AFFIRMED; sentence VACATED; REMANDED for resentencing.**